UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nathaniel J. Richardson, Jr.,           Case No. 3:14-cv-01415

      Plaintiff

v.                                      ORDER

Unit Manager Rupert, et al.,

      Defendants

Plaintiff filed a Motion to Alter Judgment under Federal Civil Procedure Rule 59(e) (Doc. No. 9), and a Motion for Court to Waive Filing Fee (Doc. No. 8). Plaintiff argues that his Complaint had merit and should have been permitted to proceed to trial. He asks me to reopen his case. He also contends that while he asked the Court for permission to proceed *in forma pauperis*, he did not consent to withdrawal of installment payments from his prisoner trust account. He asks me to waive payment of the filing fee. For the reasons stated below, the Motions are denied.

Plaintiff asserted in his Complaint that Defendant Waters used excessive force against him by spraying him with pepper spray, and the other Defendants conspired with Waters. Plaintiff had a private cell until prison officials moved inmate Randolph into the cell with him. He asked Defendant Rupert to move Randolph to another cell and return Plaintiff to a private cell. When Rupert refused the request, Plaintiff sought out Defendant Jackson. He asked Jackson to move his cellmate to another cell and return Plaintiff to his private cell. Jackson refused.

Plaintiff then declared he was suicidal and needed to be placed in a private safe cell for observation. Jackson ordered him to return to his cell, and Plaintiff refused. Jackson left the area leaving Plaintiff standing against the wall. Plaintiff remained there for an hour refusing to return to his cell and demanding to be placed in a private cell under suicide watch. He was eventually approached by Defendants Lay, Rupert, and Waters. They listened to Plaintiff's complaints and then ordered him twice to return to his cell. He refused and asked Lay, "What are you going to do? Force me to go to my cell?" Lay indicated he would do so and grabbed Plaintiff's arm to escort him back to his cell. Plaintiff pulled away from Lay and said, "get off me." (Doc. No. 1 at 8). At that point, Waters sprayed Plaintiff with pepper spray. Plaintiff immediately was subdued with the pepper spray, and was then escorted to segregation. I previously determined Lay did not use the pepper spray to maliciously cause Plaintiff to experience pain, but rather applied it as a last resort in a good-faith effort to maintain or restore discipline. The facts alleged by Plaintiff did not suggest the force used against him was excessive.

Plaintiff has now filed a Motion to Alter Judgment claiming that there are instances where the use of pepper spray could constitute excessive force. He asserts his case should be reopened.

Federal Rule of Civil Procedure 59(e) permits a party to file a Motion to Alter or Amend a Judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a Motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Consequently, Motions to Reconsider must rely on new information which was not readily available during the prior proceedings. A Motion under Rule 59(e) is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id.*

2

Plaintiff appears to assert that the dismissal of his case was based on a clear error of law. When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, the court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 10 (1992). Plaintiff does not dispute that this is the legal standard to be applied. Instead, he cites cases from the Fourth, Eighth and Ninth Circuits in which the use of pepper spray was found to violate the Plaintiff's constitutional rights. Those cases, however, are factually different from the incident described by Plaintiff in his Complaint. Two of the cases cited concern the use of pepper spray against non-prisoners prior to or during arrest.[1] Neither the Fourth Amendment reasonableness standard, not the Eighth Amendment maliciousness standard applied.

The other cases involve inmates who were pepper sprayed, tied spread eagle to a bed and left that way for eight hours[2], or sprayed regularly for insignificant infractions after a prison riot.[3] The question, however, is not whether the use of pepper can ever constitute an Eighth Amendment violation, indeed it can, but whether it was applied maliciously and sadistically to cause harm rather than to maintain or restore discipline in Plaintiff's case. Plaintiff has not demonstrated that the application of the standard in *Hudson* was incorrect in his case.

---

[1] *See LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 950 (9th Cir. 2000) (police responding to a noise complaint, finding no noise entered a house without permission, used pepper spray on its occupants and searched the premises without a warrant or consent); *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1190 (9th Cir. 2000) (nine environmental activists, along with an entity called Headwaters Forest Defense, brought an action under 42 U.S.C. § 1983, alleging that the use of pepper spray on the activists during three protests in Humboldt County constituted an unreasonable use of force in violation of their Fourth Amendment rights).

[2] *See Williams v. Benjamin,* 77 F.3d 756, 759 (4th Cir. 1996) (while the initial use of pepper spray was justified when an inmate threw water on a corrections officer, the excessive use of pepper spray along with tying the prisoner spread eagle to a metal bedframe without a mattress for 8 hours was cruel and unusual punishment).

[3] *See Battle v. Anderson,* 376 F. Supp. 402, 414 (ED Okla. 1974) (mace used on inmates to punish them for insignificant infractions after a prison-wide riot); *Treats v. Morgan*, 308 F.3d 868, 870 (8th Cir. 2002) (pepper spray was applied sadistically to cause harm by a corrections officer who was upset that the Plaintiff refused to take his copy of a property form and headed back to his cell).

3

In addition, Plaintiff asks the Court to waive the filing fee rather than requiring him to pay the fee in installments. Prisoners become responsible for paying their filing fees and costs from the moment the Complaint is filed. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for me to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan defined by statute. 28 U.S.C. § 1915(b). By law, Plaintiff is not entitled to waiver of the filing fee for this civil rights action.

For the foregoing reasons, Plaintiff's Motion to Alter Judgment (Doc. No. 9) and his Motion for Court to Waive Filing Fee (Doc. No. 8) are denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge